# UNITED STATES BANKRUPTCY COURT
## Western District of Michigan
## Southern Division

| | |
|---|---|
| In re:  Ricci Lynn Sabin and<br>        Rodney Jay Sabin,<br><br>                    Debtors | Case No. 15-05717-jtg<br>Chapter 13<br>Hon. James T. Gregg |

### INITIAL CHAPTER 13 PLAN (PRE-CONFIRMATION)

### NOTICE

> **THIS PLAN CONTAINS EVIDENTIARY MATTERS THAT, IF NOT CONTROVERTED, MAY BE ACCEPTED BY THE COURT AS TRUE. CREDITORS CANNOT VOTE ON THIS PLAN, BUT, IF YOU BELIEVE THE PLAN DOES NOT COMPLY WITH THE BANKRUPTCY CODE, YOU MAY OBJECT TO ITS CONFIRMATION PURSUANT TO 11 U.S.C. § 1324 AND TO THE LOCAL RULES. WHETHER YOU OBJECT OR NOT, IF THE COURT CONFIRMS THE PLAN, THE PLAN WILL GOVERN YOUR LEGAL RELATIONSHIP WITH THE DEBTORS. IF YOU HAVE QUESTIONS, IT IS RECOMMENDED THAT YOU SEEK COMPETENT LEGAL COUNSEL.**

■ Check this box if this Plan deviates in any way from the model plan. **Specify the deviations in Section IV.P.**

I.   **PLAN PARAMETERS**

   A.   **APPLICABLE COMMITMENT PERIOD - 11 U.S.C. § 1325(b)(4)**

   The applicable commitment period (ACP) is 60 months.

   B.   **LIQUIDATION ANALYSIS:**

   The amount to be distributed to allowed unsecured claims shall not be less than the value of Debtors' non-exempt equity, less the cost of sale and the statutory Chapter 7 administrative fees.

II.  **FUNDING**

   A.   **PLAN PAYMENT**

   The Debtors shall make payments in the amount of $2,500 per month for the minimum of the Applicable Commitment period (ACP).

III. **DISBURSEMENTS**

    A. **ADMINISTRATIVE CLAIMS**

The Debtors shall pay in full, in deferred cash payments all allowed claims entitled to priority under 11 U.S.C. Section 507:

1. Court filing fee.
2. Allowed Trustee fee.
3. Attorney fees, exclusive of costs and expenses: An initial fee of $3,000, less fees paid of $1,090, leaving a fee balance in the amount of $1,910 to be paid by the Trustee pursuant to the priorities set forth in paragraph IV H.4 of this Plan.
   a. ( ) Attorney fees shall be paid at the rate of $_____ per month until paid in full pursuant to paragraph IV. H of the Plan.
   b. (X) Attorney fees shall be paid after all necessary equal monthly payments on secured continuing claims, secured claims, executory contract claims which is a modification of paragraph IV.H.

    B. **PRIORITY CLAIMS**

1. <u>Domestic Support Obligations</u>

   None.

2. <u>Priority Tax Claims</u>

There are no pre-petition priority tax claims

Any post-petition priority tax claims shall be paid in full pursuant to 11 U.S.C. §§ 1305(a)(1) and (b). Any portion of the § 1305 claim that is not paid through the Chapter 13 Plan for whatever reason, including dismissal or conversion to Chapter 7, will remain non-dischargeable, even if the Debtors receive a discharge.

    C. **SECURED CREDITORS**

        **1. Real Property:**

            a. Residential:

The Debtors have one parcel of residential real property. It is 4529 41st St., S.W., Grandville, MI 49418, PPN: 41-17-19-330-009.

| Creditor Name | Trustee Pay | Monthly Payment Amt. | Estimated Arrearage | Taxes & insurance escrowed with lender? |
|---|---|---|---|---|
| HSBC Mortgage Services P.O. Box 1231 Brandon, FL 33509-9068 | No | $1,424.00 | $0 | No |

    b.    Non-Residential:  The Debtors have no non-residential real property.
    c.    Pre-Petition Real Property Tax Claims:  The Debtors have no pre-petition real property tax claims.
    d.    Real Property Tax Escrow:  The Debtors' have no tax or insurance escrow.  They pay it directly every year.
    e.    Wholly Unsecured liens:  The following claims shall be treated as unsecured by this Plan since there is no equity in the property to secure the claim. Upon completion of the Plan the lien and loan shall be discharged and the lien removed from the property. A copy of the confirmed Plan and the Trustee's plan completion letter may be recorded with the County Register of Deeds as evidence of discharge of lien. These creditors are as follows:

| Property Address | Creditor | Claim Amount | Property Value | Senior Lien Amt. |
|---|---|---|---|---|
| 4529 41st St., S.W. Grandville, MI  49418 | Green Tree Servicing, LLC Bankruptcy Department P.O. Box 6154 Rapid City, SD  57709 | $43,000 | $150,000 | $170,000 |

    2.    **Personal property:**

    a.    **Pre-Confirmation Adequate Protections Payments (APP):** Any items where there is a security interest is being paid outside the Plan.  Therefore, there are no adequate protection payments to be made.

    b.    **Secured Claims NOT Subject to 11 U.S.C. § 506**: Each secured creditor in his class has a lien not subject to 11 U.S.C.§ 506.[1]  Claims in this class shall be paid as follows plus

---

[1] Such a claim is not subject to "cramdown" and will be paid the full balance owing.

**Ricci and Rodney Sabin**
**Case No. 15-05717-jtg**
**Initial Chapter 13 Plan (Pre-Confirmation)**
**October 16, 2015**
**Page 3**

an additional pro-rata amount that may be available from funds on hand at an interest rate specified below or the contract rate whichever is lower.[2]

| Creditor, Address & Acct Number | Collateral | Balance Owing | Int. % | Pre-Conf APP | Equal Monthly Payment |
|---|---|---|---|---|---|
| Credit Union ONE<br>400 East Nine Mile Road<br>Ferndale, MI  48220<br>Acct. No. 300373XXXX | 2008 Harley Davidson | $9,772 | unknown | No | Paid Outside of Plan |
| US Bank<br>425 Walnut St<br>Cincinnati, OH  45202-3956<br>Acct. No. 00000513560964 | 2013 Wildwood Trailer Coach | $14,094 | unknown | No | Paid Outside of Plan |

   c.   **Secured Claims Subject to 11 U.S.C. § 506:**  The Debtors have no such claims.

   d.   **Claims filed by Secured Creditors**:  If a secured creditor files a claim with a balance owing which is different than the amount listed in the claim shall control as to the amount of the debt, unless a party in interest objects to the claim.

3. **Secured Claims of the Internal Revenue Service and of the State of Michigan:**  The Debtors have no such claims against them or against their property.

4. **Collateral to Be Surrendered/Executory Contracts to be rejected:**  The Debtors are not surrendering any collateral or rejecting any leases.

D. **EXECUTORY CONTRACTS (assumed)**

   1.   **Land Contracts:**   The Debtors have no land contracts.

   2.   **Other Executory Contracts**: None.

E. **DIRECT PAYMENT BY THE DEBTORS OF THE FOLLOWING DEBTS:**

As stated in the preceding provisions, direct payments will be made to the first mortgage on their residence, the secured creditor on the 2008 Harley Davidson and the secured creditor on the 2013 Wildwood Trailer Coach.

F. **UNSECURED CREDITORS**

---

[2]If the Debtors' collateral is destroyed, the Debtors, with consent from the secured creditor and Trustee or by order of the Court, may use the collateral insurance proceeds to purchase substitute collateral; the creditor's lien shall attach to the replacement collateral.

1. <u>General Unsecured Creditors:</u> Claims in this class are paid from funds available after payment to all other classes.  The payment allowed to the general unsecured claimants will be satisfied by:
   - ( )  Payment of a dividend of 100%.  Plus present value of ____% interest, if necessary to satisfy the Best Interest of Creditors Test, **OR**
   - (X)  Payment of a pro-rata share of the total amount of the monthly payments not devoted to priority payments hereunder (e.g., administrative expenses, the trustee's percentage, etc.) for the ACP.  It is believed that this will render a 100 percent payment to creditors, but is not guaranteed.

2. <u>Special Unsecured Creditors</u>: There are no creditors in this class.

3. The following special unsecured claim(s) are an exception pursuant to 11 U.S.C. § 1322(b)(1) and shall be paid as follows:  Not Applicable.

## IV. <u>GENERAL PROVISIONS</u>

**A. DISPOSABLE INCOME, TAX RETURNS & TAX REFUNDS:** Unless this Plan provides for a dividend of 100% to all timely filed, allowed general unsecured creditors, the Debtors agrees to pay all disposable income as defined in 11 U.S.C. §§ 1325(b)(1)(B) and (2) during the Applicable Commitment Period (ACP). Unless otherwise provided in this Plan, Debtors agree to remit to the Chapter 13 Trustee their tax returns and tax refunds for year 2016 and after, and other disposable income for the ACP, for administration pursuant to this Plan or as otherwise ordered by the Court.  The Debtors agrees to continue the same level of tax deductions as when the case was filed except as affected by changes in dependents and/or marital status.

Based on the disposable income available the Trustee shall have the discretion without further notice to creditors to:

1. increase the percentage to the unsecured creditors as a result of additional payments made under this provision subject to the limitation set forth in paragraph IV.A above,
2. reduce the  (length) of the Plan but not below the applicable commitment period,
3. determine if available funds are not disposable income when the Debtors provides the Trustee with supporting documentation and a stipulation regarding the same.

**B. VESTING OF ESTATE PROPERTY:**  Upon confirmation of the Plan, all property of the estate shall remain property of the estate until discharge unless marked below:

(X)  Pursuant to 11 USC § 1327(b) upon Confirmation of the Plan, all property of the estate shall vest in the Debtors, except (I) future earnings of the Debtors; (II) additional disposable income, and (III) other property necessary to the Plan (including personal and real property as defined in the Plan and any associated insurance proceeds which may be used by the

Debtors, with Court approval, to purchase replacement collateral.) 11 USC § 348(f)(1) remains effective in the event of a conversion to another chapter.

In any case, all property of which Debtors retain possession and control shall be insured by the Debtors. The Chapter 13 Trustee will not and is not required to insure assets and has no liability for damage or loss to any property in Debtors' possession and control.[3]

C.  **PROHIBITION AGAINST INCURRING POST-PETITION DEBT & DISPOSAL OF PROPERTY**:    During the term of this Plan, the Debtors shall not without Court approval: (1) incur debt in excess of $2,500.00; (2) dispose of any real property; or (3) dispose of any personal property claimed as exempt with a fair market value greater than $10,000.

D.  **UNSCHEDULED CREDITORS FILING CLAIMS**  If a creditor's claim is not listed in the schedules, but the creditor files a timely proof of claim, the Trustee is authorized to classify the claim into one of the classes under this Plan and to pay the claim within the class, unless the claim is disallowed.

E.  **ALLOWANCE OF LATE FILED CLAIMS:**  Claims by unscheduled or omitted pre-petition creditors, without notice of the bankruptcy filing, may be deemed timely filed.

F.  **CLAIMS AND AMENDED CLAIMS:**  If an allowed late claim, an amended claim, or deficiency claim is filed and Trustee has disbursed to general unsecured creditors such allowed late claim, amended claim, or deficiency claim shall be paid the same dividend as previously paid to general unsecured claims, to the extent possible, even if the base to general unsecured claims exceeds the amount stated in the confirmed Plan.  The Chapter 13 Trustee shall not be required to recover any overpayments to general unsecured creditors as a result of the filing of the aforementioned claims.

1.  With regard to secured claims filed by creditors holding security interests in real property that is surrendered pursuant to this Plan, each such secured creditor must file an amended claim asserting its unsecured deficiency claim, if any, on or before the date 90 days after the foreclosure sale.  Failure to file the amended claim on a timely basis pursuant to this provision means that such secured creditor shall not be entitled to payment through the Chapter 13 Plan and such secured creditor's claim will be discharged upon entry of a discharge order in this case.

2.  With regard to secured claims filed by creditors holding security interests in personal property surrendered in this Plan, and executory contract holders or lessors whose contracts or leases are rejected under this Plan, each such secured creditor, executory contract holder or lessor must file an amended unsecured claim for its deficiency balance or asserted contractual damages on or before the date 6 months (180 days) after the date of entry of the Confirmation Order.  Failure to file the amended claim on a timely basis pursuant to this provision means

---

[3] 11 U.S.C. § 348(f)(1) remains effective in the event of a conversion to another chapter.

    that such secured creditor, executory contract holder or lessor shall not be entitled to payment through the Chapter 13 Plan, and such secured creditor, executory contract holder or lessor's claim shall be discharged upon entry of a discharge order in this case.

  3. Claimants holding wholly unsecured claims pursuant to Provision III. C. 1. e. shall file their claim on or before the general unsecured claim bar deadline.  If they do not file such claim(s) by that deadline, they shall receive no distribution.

 **G.** <u>**TRICKETT NOTICE:**</u>  The Debtors are not claiming the pertinent exemptions for this provision to apply.

 **H.** <u>**TRUSTEE POST-CONFIRMATION DISBURSEMENT:**</u>   Unless otherwise specifically stated in the Plan, the Chapter 13 Trustee shall disburse the funds as follows:

  I. **Priority of payments**

   1. Unpaid <u>court</u> filing fees.
   2. Chapter 13 <u>Trustee administrative fee</u>.
   3. Monthly payments on any <u>domestic support obligation</u> entitled to priority pursuant to 11 U.S.C. Sec. 507(a)(1) paid through the Plan.
   4. <u>Attorney fees and expenses</u>, as allowed by the Order Confirming the Plan or such additional attorney fees as are awarded pursuant to an Order of the Court, subject to monthly continuing claims payments.
   5. <u>Continuing claims</u>: There are none of these being paid through this Plan
   6. <u>Other secured claims and executory contract claims</u>:   There are none of these being paid through this Plan
   7. <u>Arrearage on continuing claims and other secured claims without equal monthly payments</u>:  There are none of these being paid through this Plan
   8. Priority unsecured claims:  There are none of these being paid through this Plan
   9. General unsecured claims on a pro rata basis.

  II. **Creditor payment initial disbursement date**: Payment designated as equal monthly payments on secured claims, executory contracts, priority unsecured claims, attorney fees, and tax escrow accruals shall be scheduled to commence the first day of the month following the month of the Petition filing date unless otherwise stated in the Plan.

 **I.** <u>**TAX RETURNS:**</u>  All tax returns due prior to this case filing have been appropriately filed.

 **J.** <u>**DEBTORS ENGAGED IN BUSINESS:**</u>  Neither Debtor is self-employed.

 **K.** <u>**EFFECT OF ADDITIONAL ATTORNEY FEES BEYOND THE NO LOOK FEE**</u>:  Additional ordered attorney fees shall be paid as administrative claims.  The Chapter 13 Trustee shall not recover funds disbursed to general unsecured creditors to fund the attorney fees order.

▬▬ ▬▬ ▬▬ ▬▬ ▬▬ ▬▬ ▬▬ ▬▬ ▬▬ ▬▬ ▬▬ ▬▬ ▬▬ ▬▬

    **L.    PLAN REFUNDS.**  The Trustee may agree to reasonable refunds to the Debtors from the funds paid to the Trustee.  The Plan duration may be extended to repay all refunds granted.  The Debtors may be required to file a Plan Amendment.

    **M.    TRUSTEE'S AVOIDANCE POWERS.**  The Debtors acknowledge that both pre and post confirmation the Trustee has discretion to utilize certain avoidance powers pursuant to 11U.S.C. §§ 544, 545, 547, 548, 549 and 550.  Notwithstanding any other language in this Plan, no lien shall be involuntarily avoided unless an adversary proceeding is filed. The Debtors acknowledge that any actions brought by the Trustee, either pre-confirmation or post-confirmation, pursuant to these avoidance powers is preserved for the benefit of the Estate pursuant to 11 U.S.C. § 551.   The Trustee may bring any avoidance action within the period of time set forth in 11 U.S.C. § 546.

    **N.    LIEN RETENTION:**  Holders of allowed secured claims provided for by the Plan shall retain the lien securing such claim until the earlier of (i) the payment of the underlying debt determined under applicable non-bankruptcy law or (ii) a discharge. After either one of the foregoing events has occurred, creditor shall release its lien and provide evidence and/or documentation of such release within 30 days to Debtors.  However if the case under this chapter is dismissed or converted without completion of the Plan, such liens shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law. Holders of allowed secured claims with the last payment due after the final payment of the Plan shall retain the lien pursuant to non-bankruptcy law after discharge.

    **O.    TERMINATION OF THE AUTOMATIC STAY:**  Upon reviewing notice of the filing of a Motion for relief of the Automatic stay the Trustee shall cease disbursing payments to the secured creditor but shall reserve in escrow said payments until further order of the Court.  On entry of an order terminating the automatic stay (pre-confirmation or post-confirmation) the Trustee shall make no further payments to that creditor and any reserved escrowed amounts shall be released for the benefit of the other creditors in accordance with the confirmed Plan unless otherwise ordered by the Court.

    **P.    ADDITIONAL  PROVISIONS:**

1. The attorney's fees payment provision is a deviation from the model plan;
2. Paragraph III.C.4 has deleted language so as to make clear that there is a putatively secured creditor that is being treated as unsecured.
3. Paragraph III.F has been modified so that this is neither a 100 percent plan nor a plan with a base.  The general unsecured creditors will simply get their pro rata share of the monthly payments (after payments with priority) for the ACP.
4. Paragraph IV.K has been modified to reflect that this is not a base plan.
5. By failing to object to this Plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any co-signers or other joint obligors of the Debtors that may exist, so long as this case remains pending.
6. The Debtors believe that this Plan complies with the provisions of Chapter 13 and all other applicable provisions of Title 11 of the United States Code. Further, confirmation of this Plan shall constitute a finding that the Plan constitutes the Debtors' best effort under all the circumstances to pay creditors, within the meaning of 11 U.S.C. § 727(a)(9).

7. **Limit on notices; exclusion of creditors who have not filed claims:** After the claims bar date, notice of Plan amendments, professional fee applications, and motions filed by the Debtors and/or counsel may only be given to creditors who have filed a claim or appearance. Creditors who have not filed a claim or appearance will not be given notice of Plan amendments, fee applications or motions. A filed proof of service shall reflect such limited service with the Court. This provision for limited notice shall not apply to motions to dismiss the Chapter 13 case or to notices that a discharge has entered.

## DECLARATION

We, Ricci Sabin and Rodney Sabin, the Debtors in this case, declare under penalty of perjury that we have read the foregoing Chapter 13 Plan, consisting of nine pages, and that it is true and correct to the best of our information, knowledge and belief.

Dated: October 16, 2015

_____
Ricci Sabin, Debtor

Dated: October 16, 2015

_____
Rodney Sabin, Debtor

**Signed as Counsel for the Debtors:**

Dated: October 16, 2015

_____
Timothy L. Taylor
Attorney for Debtors

---

**Ricci and Rodney Sabin**
**Case No.**
**Initial Chapter 13 Plan (Pre-Confirmation)**
**October 16, 2015**
**Page 9**